IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES E. PRUITT                                                           PLAINTIFF

v.                      CIVIL NO. 05-2148

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Charles E. Pruitt brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

Plaintiff filed an application for DIB on January 21, 2001, and for SSI payments on June 7, 2001. (Tr. 84-87,191-193). Both claims were denied initially, and on reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on February 4, 2002, and an unfavorable hearing decision was issued on May 6, 2002. (Tr. 23-49, 11-21). Plaintiff requested that the Appeals Council review the unfavorable hearing decision on May 20, 2002, and the Appeals Council denied this request on September 6, 2002. (Tr. 4-5). Plaintiff successfully appealed these claims to this court. (Tr. 238).

Plaintiff filed second applications for DIB and SSI on May 21, 2002. (Tr. 93-95, 204-206). These claims were denied initially, and on reconsideration. A hearing was held before an ALJ on April 11, 2003, and an unfavorable hearing decision was issued by the ALJ on April 28, 2003. (Tr. 19-50, 11-17). Plaintiff requested that the Appeals Council review the hearing decision on May 14, 2003, and the Appeals Council denied this request on July 28, 2003. (Tr. 4-5).

Subsequently plaintiff filed applications for DIB and SSI for a third time and was approved for disability benefits. (Tr. 214-215, 256).

On February 24, 2004, this court granted defendant's motion and entered a judgment remanding plaintiff's second claim and directing the Commissioner to further develop the record pursuant to sentence four of 43 U.S.C. 405 (g), and to conduct further proceedings in order to obtain additional medical evidence and to consolidate this case with the plaintiff's prior court case remanded by this court on November 12, 2003. (Tr. 231-233). On April 30, 2004, the Appeals Council vacated the previous decision and ordered the ALJ to re-evaluate plaintiff's residual functional capacity (RFC), to obtain additional medical evidence and to consolidate plaintiff's applications. (Tr. 236-237).

On December 8, 2004, the ALJ wrote a decision finding plaintiff's second application to be a duplicate of plaintiff's first application that was remanded and scheduled for a hearing. (Tr. 226-227). The ALJ then modified and adopted the findings of the ALJ's decision dated April 28, 2003, for the sole purpose of disposing of the second claim.

2

On March 10, 2005, a hearing was held before the ALJ on the court remand and encompassing all unresolved claims. (Tr. 387-418). Plaintiff was present and represented by counsel.

By written decision dated July 20, 2005, the ALJ found that during the relevant time period, plaintiff had an impairment or combination of impairments that were severe. (Tr. 221). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 221). The ALJ found that during the relevant time period plaintiff retained the RFC to lift and/or carry ten pounds frequently, twenty pounds occasionally; to stand and/or walk four hours out of an eight-hour workday; to sit four hours out of an eight-hour workday; to occasionally operate foot controls; and to occasionally climb, balance, stoop, crouch, kneel and crawl. (Tr. 221). With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a machinist foreman. (Tr. 221).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

AO72A
(Rev. 8/82)

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

4

experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

The relevant time period in this case is from November 20, 2000, plaintiff's alleged onset date, through March 28, 2003, the date before plaintiff was found to be disabled through a subsequent application.

We will first address the ALJ's assessment of plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit recently observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir.2003).

After reviewing the record, we believe that the ALJ adequately evaluated the factors set forth in *Polaski*, and conclude there is substantial evidence supporting his determination that plaintiff's complaints were not fully credible. The testimony presented at the hearing as well as the medical evidence contained in the record are inconsistent with plaintiff's allegations of disability.

5

During the relevant time period, the medical evidence shows plaintiff was diagnosed with diabetes in October of 2001. (Tr. 176). On October 26, 2001, plaintiff, who weighed 345 pounds and had a body mass index of 46, was instructed on the importance of weight loss, exercise, annual eye check-ups, annual protein in urine screenings, daily foot checks and a proper diet. Plaintiff was also stared on Glucotrol XL. On November 9, 2001, Dr. Janell Burch noted plaintiff had lost ten pounds and that his fasting blood sugar was 110. (Tr. 175, 178). *See Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002) (an impairment which can be controlled by treatment or medication is not considered disabling). In January of 2002, Dr. Burch noted she was "very pleased" with plaintiff's attempt to watch his diet and exercise. (Tr. 144). The medical records do not indicate plaintiff complained of numbness in his extremities, vision problems or any other problems associated with diabetes. As such we find substantial evidence to support the ALJ's determination that plaintiff's diabetes was not a disabling impairment during the relevant time period.

The medical evidence also establishes plaintiff's has a mild degree of obstructive lung disease. (Tr. 159-163). Besides the treatment plaintiff sought in March of 1998, for a cough and some wheezing and a consultative examination set up by the administration, there is no indication that plaintiff sought treatment for shortness of breath or breathing difficulties. (Tr. 142). Based on the record as a whole, we find substantial evidence supporting the ALJ's determination that plaintiff did not have a disabling lung impairment during the relevant time period.

Plaintiff also alleges disabling pain and numbness in his hips, knees, feet and hands and fatigue. The ALJ found that these alleged impairments were not severe. In support of this

6

determination, the ALJ noted plaintiff was only taking over-the-counter pain medication and failed to seek treatment for these alleged impairments during the relevant time period. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication was inconsistent with disabling pain); *see Rankin v. Apfel*, 195 F.3d 427, 429 (8th Cir. 1999) (infrequent use of prescription drugs supports discrediting complaints); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). A review of the record reveals that during the relevant time period the only time plaintiff complained of pain, numbness and fatigue was during a consultative examination performed in March of 2001. Furthermore, an x-ray of plaintiff's hip taken in March of 2001, revealed "no bony abnormality or appreciable arthritic changes." (Tr. 155).

Plaintiff's subjective complaints are also inconsistent with evidence regarding his daily activities during the relevant time period. In January of 2001, plaintiff completed a Supplemental Interview Outline indicating he could take care of his personal needs, wash dishes, vacuum/sweep, take out the trash, do home repairs, wash the car, mow the lawn, shop for groceries, go to the bank and Post Office, prepare meals, drive, attend church, watch television, read, visit with friends and family, camp and fish. (Tr. 115-116). At the hearing held in February of 2002, plaintiff testified that while he had to take breaks, he was able to rake his yard, feed his rabbits, straighten up his little garage and sit outside and watch his grandson. (Tr. 41). Plaintiff also explained that his camping consisted of sitting outside watching his grandchildren carry on and fish. (Tr. 43). In May of 2002, plaintiff indicated in a second Supplemental Interview Outline that he was able to take care of his personal needs, take out the trash, do home repairs,

7

mow the lawn, rake leaves, shop for groceries, do banking, drive, attend church, watch television, read, visit with friends and family and camp. (Tr. 116-117). This level of activity belies plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a plaintiff's subjective allegations of disabling pain prior to her date last insured. See *Cruze v. Chater,* 85 F.3d 1320, 1324 (8th Cir.1996) (mowed lawn, shopped, odds jobs and visits town); See *Hutton v. Apfel*, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability); *See Polaski* at 1322. Furthermore, at the hearing held in April of 2003, one month outside of the relevant time period, plaintiff testified he could lift and carry ten to fifteen pounds, could walk fifty feet and sit for three to four hours. (Tr. 44-45).

Plaintiff also testifed that he received unemployment benefits and forms completed by plaintiff indicate he received these benefits through at least January of 2001. (Tr. 186). Plaintiff further testified that he agreed to look for work when he applied for unemployment benefits. (Tr. 411-412). The ALJ properly pointed out that plaintiff's application for unemployment benefits was inconsistent with his claim of disability during the same time period. *Johnson v. Chater*, 108 F.3d 178, 180-181 (8th Cir. 1997). The ALJ further pointed out plaintiff stopped working in November of 2000, because his employer closed.

Although plaintiff contends that his failure to seek medical treatment is excused by his inability to afford treatment, plaintiff has put forth no evidence to show that he has sought low-cost medical treatment or been denied treatment, due to his lack of funds. *Murphy v. Sullivan*,

8

953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). As such, we cannot say that his financial situation prevented him from receiving medical treatment.

Therefore, although it is clear that plaintiff suffered with some degree of pain during the relevant time period, he did not establish that he was unable to engage in any gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993) (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning his daily activities support plaintiff's contention of total disability during the relevant time period. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

We will next discuss the ALJ's RFC determination. It is well settled that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth

9

Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found plaintiff retained the RFC to lift and/or carry ten pounds frequently, twenty pounds occasionally; to stand and/or walk four hours out of an eight-hour workday; to sit four hours out of an eight-hour workday; to occasionally operate foot controls; and to occasionally climb, balance, stoop, crouch, kneel and crawl.

In making this RFC determination, the ALJ considered plaintiff's subjective complaints, the medical records of his treating and examining physicians and assessments completed by non-examining medical consultants. The ALJ specifically addressed Dr. David Alan Richter's, a one-time consultative examiner's, opinion that plaintiff was "unable to stand/walk, lift or carry for any length of time." (Tr. 154). The ALJ explained that he sent an interrogatory to Dr. Richter in December of 2004, requesting that Dr. Richter complete a functional assessment and that Dr. Richter had declined to complete the assessment because he had not seen the plaintiff since 2001. (Tr. 214, 361). The ALJ then stated that he gave Dr. Richter's opinion little probative weight because the doctor's own examination notes did not support the doctor's opinion with regard to plaintiff's ability to stand, walk, lift and carry. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000) (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Specifically, the ALJ noted that in examining plaintiff with the exception of decreased flexion/extension in the lumbar spine and a ten degree decrease in abductions in his shoulders, plaintiff had a full range of

10

motion in his spine and extremities. Dr. Richter also indicated that plaintiff had no muscle atrophy, muscle weakness or sensory abnormalities. (Tr. 151). Dr. Richter did note plaintiff was unable to walk on heel-toes and arise from a squatting position but also noted plaintiff had a normal gait and coordination. (Tr. 152). Therefore, based on all of the evidence contained in the file, we find substantial evidence supporting the ALJ's RFC determination.

Finally, we believe substantial evidence supports the ALJ's conclusion that plaintiff could perform his past relevant work as a machinist foreman during the relevant time period. According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. § 404.1520(e); S.S.R. 82-61 (1982); *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61). We find that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). Accordingly, we find that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that plaintiff is not disabled as he was able to perform his past relevant work as a machinist foreman as he performed the job, during the relevant time period. *See Pickney*, 96 F.3d at 296 (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence). We also point out, that the vocational expert opined plaintiff

11

would also have been able to perform other work as a hand packager, general office clerk and counter clerk. (Tr. 307).

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 25th day of September 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

13